# THE UNITED STATES OF AMERICA *vs.* MORIMOTO.

## August 12, 1909.

*Directed verdict—Evidcnce:* If any competent evidence has been presented at the time the motion for a directed verdict is made, the court should not take the case away from the jury merely because he is doubtful whether the evidence presented will be convincing to the jury.

*Criminal Law*: Motion for a directed verdict of acquittal.

*C. C. Bitting,* for the motion.
*W. T. Rawlins,* Ass't. U. S. District Attorney, contra.

WOODRUFF, J. Counsel for the defendant has moved that the jury be directed to return a verdict of acquittal on the ground that the three essential elements necessary to prove the charge have not been sustained by the evidence in the case.

The three points mentioned by counsel are to the following effect: that the prosecution must prove beyond a reasonable doubt, not only that defendant made the alleged attack, but also,

1. That the defendant knew justice was being administered in the court, namely, knew that the grand jury was still in session and was considering cases of the kind in which it is alleged defendant believed Chise was acting as a spy or informant for the government.

2. That the defendant knew or believed that the said Chise was going to appear and give testimony in said cases.

3. That, knowing justice was being administered, and believing that Chise was to be an instrument as a witness in the due administration of such justice, the defendant made the alleged attack in an endeavor, that is, intending, to influence or prevent her use as such instrument in the due administration of justice.

There is undoubtedly evidence before the court and jury concerning the first point.

The court has no doubt but that there is evidence concerning the second point, and that an examination of its nature will help to determine whether there is any evidence concerning the third point. Various witnesses testified to various forms of words used by the defendant in direct connection with the alleged assault, the general trend or effect of which is "you (Chise) are Breckons' spy," "you are a spy for the government," "you have given away to the government the facts about the twelve dollar club," "she (Chise) was spying for the government," etc. Add to this the evidence that the day before the alleged assault, defendant was subpoenaed to appear before the grand jury, and other matters mentioned by various witnesses, together with the appearance and attitude of the witnesses on the stand while giving their testimony, and we find a number of evidential statements and facts, no one of which is proof or perhaps strong evidence by itself, but all of which, having been heard and seen by the jury, are competent evidence for its consideration under proper instructions from the court.

It is not enough in my opinion that there may be doubt about whether the evidence would be convincing to the jury. The weighing of evidence is the peculiar function of the jury and the court should not take away that right and duty except for the strongest reasons.

If the various answers of the witnesses and their attitude and appearance should be left to the jury in connection with the second point, namely, whether defendant believed or knew that Chise was about to be used as a witness by the government in its administration of justice, it is clear that the same answers, conduct and appearance, connected with the actual evidence of an assault, would give to the jury some evidence concerning the third point, namely, whether defendant intended the alleged assault to influence or prevent further witnessing by Chise or whether he intended it merely as revenge or punishment for what she had already done. With proper instructions from the court concerning the law in the case and the necessity that

26—D

the jury should return a verdict of not guilty, if under the evidence it has any reasonable doubt concerning any one of the three essential points mentioned above, the court must presume that the jury is capable of reaching a just verdict.

For the above reasons, the motion to direct a verdict of acquittal is overruled.